**ORIGINAL**

JEFFREY A. DICKERSON
Nevada Bar No. 2690
10100 Old Virginia Road
Reno, NV 89511
(775) 786-6664

MARTIN G. CROWLEY
210 S. Sierra St., Ste. B102
Reno, NV 89504
(775) 786-5297

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENIS EDWARD DEHNE, | CASE NO. |
| Plaintiff, | COMPLAINT AND JURY DEMAND |
| vs. | |
| RICHARD HILL, an individual, KRYS BART, an individual, GARY NOTTINGHAM, an individual, AIRPORT AUTHORITY OF WASHOE COUNTY, a political subdivision of the State of Nevada, | CV-N-00-0649-ECR-VPC |
| Defendants. | |

Plaintiff for his complaint against Defendants complains and avers as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 1367.

2. On September 14, 2000, Plaintiff was a citizen and attendee at a meeting regularly scheduled and agendized of the Defendant Airport Authority of Washoe County.

3. Defendant Airport Authority of Washoe County is a political subdivision of the State of Nevada but is not an arm of the state protected by Eleventh Amendment immunity and is a "person" sueable under 42 U.S.C. §1983.

4. Defendant Nottingham was acting as a sergeant with the police department

JAD/sh/dehne2/complaint                    1

for the Airport Authority of Washoe County and is sued in his individual capacity.

5. Defendant Richard Hill was ostensibly a member of the Board of Trustees of the Airport Authority of Washoe County on September 14, 2000. He is sued in his individual capacity. He does not enjoy quasi judicial immunity because at the time he was acting in an administrative capacity and was without jurisdiction to act as Chairman of the Board. Defendant Bart is sued in her individual capacity. She was Executive Director of the Defendant Airport Authority.

6. On September 14, 2000 at this meeting, Plaintiff rose during public comment to speak against a set of rules that had been issued by Defendant Hill restricting public comment before the Board. These rules violated Plaintiff's right to speak and constitute policy of Defendant Airport Authority.

7. During this exercise of free speech on a matter of public concern which was videotaped and is not disruptive, Plaintiff made critical comments of Defendant Hill.

8. Following these comments, Plaintiff was seated when he was suddenly accused of making a comment from the seats that he "spit upon" the Board.

9. Plaintiff did not make such a comment. Defendant Hill nevertheless accused him publicly of it. Hill failed to exercise reasonable care in making the accusation which was defamatory in nature.

10. Plaintiff demanded a retraction of the false comment and an apology. Defendant Hill refused and instead ordered Plaintiff to be arrested, detained and removed from the meeting.

11. Defendant Nottingham responded with another presently unknown officer, seizing Plaintiff's person with full knowledge that there was no suspicion or cause to believe he had committed any crime nor to believe that he was disrupting the meeting.

12. Nottingham and the unknown officer exercised unreasonable force in executing the seizure and removal of Plaintiff.

13. Defendant Nottingham and the other unknown officer exercised unreasonable force in applying handcuffs to Plaintiff to effectuate the arrest. Defendant

Bart had the authority and immediate opportunity to intercede to prevent these constitutional violations and failed to do so intentionally.

14. Some or all of the Defendants caused or participated in the initiation of criminal charges against Plaintiff in municipal court in Reno and in justice court in Washoe County for obstructing and resisting and for disruption of a meeting. Defendants knew that there was no probable cause for these charges and misrepresented facts in initiating said prosecutions.

15. These charges against Plaintiff have been dismissed with prejudice.

16. Plaintiff was detained for several hours including at the Washoe County Detention facility and was required to post bond but was eventually released on his own recognizance.

17. Plaintiff had never been arrested before in his life.

18. Defendants caused adverse publicity of or concerning Plaintiff.

19. Defendants acted intentionally.

## FIRST CLAIM FOR RELIEF

Plaintiff incorporates all statements contained herein as if fully set forth herein above.

Defendant Hill caused Plaintiff's arrest and detention without probable cause subjecting him to liability under 42 U.S.C. §1983 for Plaintiff's damages based upon a violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

Defendant Hill caused Plaintiff to be recused in a defamatory fashion and arrested and detained and prosecuted based upon Plaintiff's exercise of his rights to free speech and to petition for redress of grievances under the First Amendment, subjecting Hill to the same liability under §1983. Defendant Hill is also liable for malicious prosecution plus under §1983.

Defendant Nottingham knowingly participated in Plaintiff's arrest and caused his detention and prosecution without probable cause subjecting him to liability under 42 U.S.C. §1983 for unreasonable seizure of Plaintiff's person and for malicious prosecution

JAD/sh/dehne2/complaint 3

1 | plus.

2 | Defendant Nottingham also knew that Plaintiff had just exercised his right to free speech and was aware of no facts that would justify his seizure. Defendant Nottingham had an obligation to disobey Hill's command or commands which he knew violated Plaintiff's right under the First and Fourth Amendments. Nottingham's failure to intercede Hill's command subjects Nottingham to an additional basis of liability under §1983.

Defendant Bart failed to intercede to prevent these constitutional violations subjecting her to liability under §1983.

Plaintiff will seek leave to amend this complaint to identify other individuals involved in this series of events including the unknown officer identified above when their true names and identities are discovered.

Each of the Defendants in this regards acted with intent.

Defendant Airport Authority of Washoe County is liable because the aforementioned constitutional violations took place and were caused by a custom or policy promulgated by the Board of Trustees of the Airport Authority of Washoe County as final policymaker for that governmental body with deliberate indifference to the constitutional rights of Plaintiff.

Each of the Defendants is liable to Plaintiff for past and future general and special damages, including emotional distress, mental anguish, physical pain and suffering, future fear of arrest and incarceration, chilling of Plaintiff's exercise of free speech, loss of enjoyment of life, violation of the aforementioned constitutional rights inter se, adverse publicity, exclusion from a public meeting and prior restraint of Plaintiff's right to speak further, attorney's fees, court costs, inconvenience, embarrassment, humiliation, grief, harm to reputation, all in sums to be proved at trial.

Plaintiff is informed and believes and thereon avers that the actions of Defendant Hill were done with evil motive and malice and with deliberate indifference to the constitutional rights of Plaintiff, entitling Plaintiff to an award of punitive damages under 42 U.S.C. §1983 against Defendant Hill in a substantial sum to be proved at trial.

## SECOND CLAIM FOR RELIEF

1  Plaintiff incorporates all statements contained herein as if fully set forth herein
2  above.
3  The aforementioned conduct subjects the Defendants to liability for the tort of false
4  arrest under Nevada law for the same damages.

### THIRD CLAIM FOR RELIEF

6  Plaintiff incorporates all statements contained herein as if fully set forth herein
7  above.
8  The aforementioned conduct subjects the Defendants to liability for the
9  aforementioned conduct under the tort of false imprisonment under Nevada state law, for
10 the same damages.

### FOURTH CLAIM FOR RELIEF

12 Plaintiff incorporates all statements contained herein as if fully set forth herein
13 above.
14 Defendant Airport Authority of Washoe County is liable for negligently supervising
15 the other Defendant employees so as to avoid the above foreseeable harm to Plaintiff,
16 which negligence proximately caused the aforementioned damage to which Plaintiff is
17 entitled under the State tort of negligence.

### FIFTH CLAIM FOR RELIEF

19 Plaintiff incorporates all statements contained herein as if fully set forth herein
20 above.
21 The conduct of Defendant Hill was intentional or done in reckless disregard for the
22 infliction of severe emotional distress upon Plaintiff.
23 Defendant Hill's conduct was extreme and outrageous.
24 As a proximate result, Plaintiff suffered severe emotional distress and is entitled to
25 damages therefor.

### SIXTH CLAIM FOR RELIEF

27 Plaintiff incorporates all statements contained herein as if fully set forth herein
28 above.

JAD/sh/dehne2/complaint                         5

1 | Each of the Defendants failed to exercise reasonable care so as to avoid foreseeable harm to Plaintiff in terms of emotional distress and Plaintiff is entitled to damages therefor which were proximately caused thereby.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants jointly and severally as follows:

1. For general damages in sums to be proved at trial;
2. For special damages in sums to be proved at trial;
3. For punitive damages a substantial sum;
4. For declaratory relief in the form of a declaratory judgment that Plaintiff's aforementioned constitutional rights were violated by the foregoing conduct;
5. For injunctive relief enjoining Defendants from engaging in similar constitutional violations in the future for which there is a threat of repetition;
6. Reasonable attorney's fees and costs of suit pursuant to statute, including 42 U.S.C. §1988; and
7. For such other and further relief as the Court deems just and proper.

DATED this 20th day of November, 2000.

LAW OFFICE OF
JEFFREY A. DICKERSON

_____
JEFFREY A. DICKERSON

LAW OFFICE OF
MARTIN G. CROWLEY

_____
MARTIN G. CROWLEY

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DENNIS EDWARD DEHNE

## DEFENDANTS
RICHARD HILL, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jeffrey A. Dickerson
10100 Old Virginia Raod
Reno, NV 89511 (775) 786-6664

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | **CIVIL RIGHTS** | | |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 441 Voting | | |
| | | ☐ 442 Employment | | |
| | | ☐ 443 Housing/Accommodations | | |
| | | ☐ 444 Welfare | | |
| | | ☒ 440 Other Civil Rights | | |
| | **PRISONER PETITIONS** | | | |
| | ☐ 510 Motions to Vacate Sentence | | | |
| | **HABEAS CORPUS:** | | | |
| | ☐ 530 General | | | |
| | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Title 42, U.S.C., Section 1983

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____

CV-N-00-0649-ECR-VPC

DATE 11/29/00

SIGNATURE OF ATTORNEY OF RECORD

$50.00 12-8-00
10847

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below: federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.