ORIGINAL

RECEIVED
IN DROP BOX
OCT 28 PM 5:18
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

FILED
OCT 28 2004
CLERK, U.S. DISTRICT COURT

THOMAS P. BEKO, ESQ. (#002653)
99 West Arroyo Street
P.O. Box 3559
Reno, Nevada 89505
Telephone: (775) 786-3930
Attorneys for Defendants
Richard Hill, Krys Bart,
Airport Authority of Washoe County
and Gary Nottingham

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DENIS EDWARD DEHNE,

    Plaintiff,

vs.

RICHARD HILL, an individual,
AIRPORT AUTHORITY OF
WASHOE COUNTY, a political
subdivision of the State of Nevada,

    Defendants.

Case No. CV-N-00-0649-HDM (RAM)

**DEFENDANTS' TRIAL BRIEF**

COMES NOW, Defendants RICHARD HILL and the AIRPORT AUTHORITY OF WASHOE COUNTY, by and through their attorneys Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and hereby submit the following trial brief.

**I. Statement of Facts:**

On September 14, 2000, the plaintiff, Sam Dehne, was ejected from an Airport Authority meeting in Reno, Nevada. During that meeting, the plaintiff engaged in speech from the podium during the public comment portion of the meeting. As noted by this Court in its order granting summary judgment, Mr. Dehne was "extreme in his condemnation of the Airport Authority members as individuals," and he "expressed personally derogatory comments toward individual board members without consequence." *See, Order #25.* Following his public comment, Mr. Dehne returned to the audience after which time an employee of the Airport began to speak from the podium on another subject.

///

What occurred next was succinctly described by this court as follows:

> Later in the meeting and after the public comments period had ended, Dehne made a comment involving the word "spit" while sitting in the audience. Defendant Richard Hill, Chairman of the Airport Authority, overheard the comment and claims that he believed Hill was continuing to criticize the form at an inappropriate time in the meeting. Dehne claims that the man sitting behind him had asked to see the form, and that he was merely informing him that "there is spit on that." Dehne was sitting in the front row of the audience, close to where Hill was seated.
>
> After overhearing the comment, Hill interrupted the meeting's speaker to tell Dehne that his comment was unacceptable. Dehne stood and asked what he had done, and Hill said he had heard Dehne say "spit on it" and that Dehne would be ejected from the meeting if it happened again. Dehne responded that he had not in fact made that comment and demanded that Hill admit that he was wrong. Hill told Dehne to sit, Dehne continued to state that Hill was "wrong" and "a liar," and Hill ordered the officers present to remove Dehne. Dehne resisted, but the officers ultimately did remove him.

More specifically, Chairman Hill told Mr. Dehne twice to be seated. He then *asked* Mr. Dehne to be seated. He then warned Mr. Dehne that if he was not seated he would be ejected from the board room. In response, Mr. Dehne demanded that Chairman Hill admit that he was wrong. He further stated that he did not say anything about spitting. He then stated that they would have to drag him from the room and then he accussed Chairman Hill

2

of being a liar.[1] When he refused to leave he was escorted from the room.

Following this incident, Mr. Dehne brought suit asserting a number of claims. Subsequently, the defendants moved for summary judgment. The plaintiff stipulated to summary judgment as to all claims and all parties except the plaintiff's First Amendment claim against former Chairman Richard Hill. This Court granted Mr. Hill's motion for summary judgment.

The plaintiff appealed that decision to the Ninth Circuit which reversed and remanded finding that there existed a genuine issue of material fact as to Chairman Hill's motivation. The instant trial follows.

## II. Legal Issues:

Following the Ninth Circuit's decision, all that remains in this case is the plaintiff's First Amendment retaliation claim. The Ninth Circuit has held that Mr. Dehne's speech from the podium is protected speech. Thus, if Mr. Dehne's speech from the podium was a substantial or motivating cause for Chairman Hill's order of ejectment, the plaintiff would prevail unless Chairman Hill proved that he would have ejected Mr. Dehne regardless of his speech. *Alpha Energy Savers, Inc. v. Hansen,* 381 F. 3d 917, 923 (C.A.9 (Or), 2004) *Settlegoode v. Portland Public Schools,* 371 F. 2d 503, 510 (C.A.0 (Or.), 2004).

### A. Qualified Immunity:

During the October 27, 2004, pretrial conference, this Court has ruled, as a matter of law, that Mr. Dehne's conduct from the audience justified his removal from the meeting. The only factual issue to be tried in this case is whether Mr. Hill was motivated by Mr. Dehne's speech from the podium. However, during this conference, the Court also indicated that it would be giving an instruction on qualified immunity. In light of the Ninth Circuit's rulings and the rulings of this Court, the defendant questions whether such an instruction can be given considering the law of the case. The following analysis demonstrates this point.

Given this district court's ruling that Mr. Dehne's conduct after leaving the podium

---

[1] In his deposition, he admitted that he did say the words "spit on it" exactly as Chairman Hill had reported.

3

justified his removal, the only way Mr. Dehne can prevail in this matter is if he proves that his speech from the podium was a substantial or motivating cause for Chairman Hill's order of removal. However, the Ninth Circuit held that a reasonably informed official chairing such a meeting would understand that ejecting Dehne under the circumstances would violate the First Amendment.[2] Therefore, under doctrine of the law of the case, the defendants feel compelled to reject the court's invitation to submit a qualified immunity instruction to the jury. Nevertheless, the defendants vehemently disagree with the Ninth Circuit in as much as they rejected Chairman Hill's qualified immunity because of the existence of issues of fact relating to his state of mind.

As this Court well knows, in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the United States Supreme Court made it clear that the qualified immunity test is one of "objective reasonableness" in which a defendant's actual intent is irrelevant. Subsequent efforts to insert a subjective component into the test have repeatedly been rejected. *See, Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Most recently, in discussing the qualified immunity defense established in *Harlow,* the Supreme Court in *Crawford v. Britton,* 523 U.S. 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), made it clear that the subjective intent of the defendant is completely irrelevant to the qualified immunity analysis. In this regard, the Court stated as follows:

> Under that standard, a defense of qualified immunity may not be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated. Evidence concerning the defendant's subjective intent is simply irrelevant to that defense.

Despite what appears to the undersigned as a clearly established principle of civil rights law, the Ninth Circuit has chosen to ignore these rulings and instead force this case to trial. In light of the Ninth Circuit's ruling, (and the subsequent rejection of the defendants' petition for rehearing en banc) the undersigned feels ethically compelled to follow the ruling which necessarily precludes the submission of any instruction on the qualified immunity

---

[2] It appears clear that in this portion of the opinion, the Ninth Circuit substituted Mr. Hill for Mr. Dehne. Nevertheless, their intent appears clear to preclude the qualified immunity defense.

4

defense. The defendant, however, would preserve its continuing objection to the Ninth Circuit's ruling on this point.

The defendant would further point out that the position taken by the Ninth Circuit in this case is contrary to that which the circuit took in two prior, and very similar cases, *Kindt v. Santa Monica Rent Control Board*, 67 F.3d 266 (9th Cir. 1995) and *White v. City of Norwalk*, 900 F.2d 1421 (9th Cir. 1990), In both these cases, the Ninth Circuit concluded, as a matter of law, that the plaintiffs' conduct justified their ejection from public meetings. In both these cases the Court made no effort to analyze the defendants' state of mind and instead focused on the conduct of the defendant. Finding, (as this Court did in granting the Airport Authority's motion for summary judgment), that the plaintiffs conduct warranted the ejection, there was no reason to make any inquiry into the state of mind of the parliamentarian. This, the defendant submits has been, and should continue to be, the manner in which cases such as this are reviewed.

Dated this 28th day of October, 2004

ERICKSON, THORPE & SWAINSTON, LTD.

By _____
THOMAS P. BEKO, ESQ.
Attorneys for Defendants

5

## CERTIFICATE OF MAILING

I hereby certify that I am an employee of ERICKSON, THORPE, & SWAINSTON, LTD.; I further certify that on October 28, 2004, I deposited for mailing at Reno, Nevada, in full compliance with the provisions of F.R.C.P. 5(b), a true and correct copy of the attached documents via first class mail to:

Jeffrey A. Dickerson, Esq.
9655 Gateway
Reno, Nevada 89511

Martin G. Crowley, Esq.
American Legal Services
210 S. Sierra Street, Ste. B102
P.O. Box 426
Reno, Nevada 89504

Lori Petersen